UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEEM #211080,

        Plaintiff,

v.                                        Case Number: 16-10343

JOHN W. PRELESNIK, et al.,

        Defendants.
                                        /

### ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT

      Michigan state prisoner Raleem has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). The complaint names twelve Michigan Department of Corrections' employees as defendants. Plaintiff alleges that defendants denied him his right to practice his Jewish faith, retaliated against him for attempting to practice his religion, and denied him due process during a misconduct hearing. Plaintiff seeks monetary damages and injunctive relief. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

      Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Edwards v. Gaul,* 40 F. App'x 970, 971 (6th Cir. 2002) (holding that district court properly dismissed without prejudice a prisoner's civil rights complaint barred by the "three strikes" provision).

Plaintiff has filed four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. See *Fuller v. Gerth, et al.* No. 2:12-cv-368 (W.D. Mich. Nov. 20, 2012); *Fuller v. Huss, et al.,* No. 1:23-cv-926 (W.D. Mich. Sept. 28, 2012); *Fuller v. Bouchard*, No. 2:04-cv-35 (W.D. Mich. April 2, 2004); *Fuller v. Calvin, et al.,* No. 2:00-cv-225 (W.D. Mich. May 29, 2001). Plaintiff also has received notice that he is a three-striker, having had several cases dismissed under 28 U.S.C. § 1915(g). See *Fuller v. PCS Daily Dial Phone Co.,* Case No. 2:15-cv-13620, 2015 WL 6438915 (E.D. Mich. Oct. 23, 2015); *Fuller v. Sherve*, Case No. 1:12-cv-861, 2014 WL 1347430 (W.D. Mich. April 4, 2014); *Fuller v. Caruso*, Case No. 2:12-cv-480, 2013 WL 1830856 (W.D. Mich.

2

April 30, 2013).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, 416 F. App'x 561 (6th Cir. Mar. 28, 2011). Plaintiff claims that he was denied his right to practice his religion. He fails to allege any facts to establish that the claimed violations place him in imminent danger of physical injury. *Mulazim v. Michigan Department of Corrections*, 28 F. App'x 470, 472 (6th Cir. 2002).

Accordingly, the court DENIES Plaintiff's application for leave to proceed without prepayment of the filing fee. Additionally, the court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

     S/Robert H. Cleland     
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2016, by electronic and/or ordinary mail.

     S/Lisa Wagner     
Case Manager and Deputy Clerk
(313) 234-5522